IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MUBEYEN BEREKA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:23-CV-1491-D |
| VS. § | |
| § | |
| QORVO TEXAS, LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Qorvo Texas, LLC's ("Qorvo's") motion for summary judgment—to which plaintiff Mubeyen Bereka ("Bereka") has not responded—is granted, and this action is dismissed with prejudice by judgment filed today.[1]

Bereka brings this action against Qorvo alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Qorvo moves for summary judgment. Bereka has not responded to the motion.[2]

When, as here, the summary judgment movant will not have the burden of proof on

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Qorvo filed its motion on August 30, 2024. Bereka's response was due September 20, 2024. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

Qorvo has pointed in its motion to the absence of evidence to support each of Bereka's claims. The burden has therefore shifted to Bereka to present evidence that creates a genuine issue of material fact. As noted, Bereka has not responded to Qorvo's motion. Although his failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion

       of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because Qorvo has pointed to the absence of evidence to support Bereka's claims and he has not, in turn, produced evidence in response to the motion, Qorvo is entitled to summary judgment dismissing Bereka's action with prejudice.

\* \* \*

Accordingly, Qorvo's motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

October 11, 2024.

                                             SIDNEY A. FITZWATER
                                             SENIOR JUDGE